Knapp vs. Smith.

KNAPP, Appellant, vs. SMITH, Respondent.

*September 9 — September 28, 1897.*

*Agency: Notice to principal: Ratification: Stated account.*

1. A person cannot be charged as principal by a statement of account for goods claimed to have been sold to his agent on his credit, which was rendered or sent to such agent, and of which he had no notice or knowledge.

2. The assignor for the benefit of creditors of a stock of goods, being placed in charge thereof by the assignee, bought other goods on credit, professing to act as agent for such assignee, and put them with the assigned goods and sold some of them. The assignor afterward settled with his creditors, and his goods and the proceeds of those sold were delivered to him by the assignee before any claim was made on account of the goods so purchased. *Held,* that such assignee did not ratify the purchase.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

Knapp vs. Smith.

This was an action to recover the value of certain electrical goods and merchandise sold and delivered by the plaintiff in the spring and summer of 1895 to one D. E. Roberts, a resident of the city of Racine. The plaintiff claims that Roberts purchased the goods as an agent of the defendant, *Smith*, and hence this action to recover the value from *Smith*.

It appeared upon the trial that prior to November 10, 1894, Roberts had been a dealer in electrical goods at Racine, and upon that date made a voluntary assignment for the benefit of his creditors to the defendant, *Smith*. After the assignment was made, *Smith* placed Roberts in charge as custodian of the assigned property, and secured an order from the circuit court permitting the continuation of the business and the purchase of articles necessary to the completion of certain existing contracts. In the month of December, Roberts made a settlement with his creditors, and gave time notes. This settlement was not finally perfected until the month of July, 1895, at which time the assignee filed his final accounts, was discharged by the court, and turned over the money and property in hand, after payment of his expenses, to the assignor, Roberts. There was no dispute but that the goods in question were sold and delivered to Roberts, the only question being whether the circumstances were such that *Smith* was personally liable to pay for the same.

A verdict for the defendant was rendered, and, from judgment thereon, the plaintiff appeals.

For the appellant there was a brief by *Ingalls & Ingalls*, and oral argument by *William Smieding, Jr.*, and *Wallace Ingalls*.

For the respondent there was a brief by *Kearney & Thompson*, and oral argument by *William D. Thompson*.

WINSLOW, J. There were two principal questions of fact which were seriously litigated in this case, namely: First,

---

Knapp vs. Smith.

---

Had the defendant, *Smith*, endowed Roberts with apparent authority to purchase the goods in question as his agent? And, second, Did the plaintiff make the sale to Roberts upon his sole personal credit and responsibility?

Upon both of these questions there was evidence *pro* and *con*, and the jury decided them against the plaintiff. We cannot say that the verdict was against the weight of the evidence; hence it must stand unless error appears.

The only serious contention of error is that the court erred in charging the jury that certain statements of account in which *Smith's* name appeared as debtor, and which the plaintiff made out and sent to Roberts, were not evidence against *Smith* if he had no knowledge of them. This charge was certainly correct. *Smith* could not be charged, nor his liability in any way affected, by any such written memorandum of which he had no notice or knowledge.

It is suggested rather than argued that there was a ratification by *Smith* of the purchase by reason of the goods having passed into the stock which he held as assignee. It does not appear how much, if any, of the goods bought of *Knapp* were sold by the assignee; but it does appear that Roberts settled with his creditors, and that *Mr. Smith* settled his accounts as assignee, and turned over the money and property in his hands to Roberts, before this claim was made upon him. Under these circumstances there cannot be any ground of ratification.

*By the Court.*— Judgment affirmed.